United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILMER ORLANDO UMANA CRUZ      §
                               §
          Petitioner,          §
                               §
v.                             §      CIVIL ACTION NO. H-26-0740
                               §
GRANT DICKEY, et al.,          §
                               §
          Respondents.         §

## MEMORANDUM OPINION AND ORDER

Wilmer Orlando Umana Cruz ("Petitioner") brought this action against Grant Dickey, Raymond Thompson, Bret Bradford, Kristi Noem, and Pamela Bondi (collectively referred to as "Respondents"), seeking a writ of habeas corpus.[1]  Pending before the court is Petitioner's Petition for Habeas Corpus (Docket Entry No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 6).  For the reasons explained below, Respondents' MSJ will be granted and Petitioner's Petition for Habeas Corpus will be denied.

## I. Background

Petitioner, a citizen of El Salvador, entered the United States in April 2010.[2]  On January 7, 2026, Petitioner was taken

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition for Habeas Corpus"), Docket Entry No. 1, p. 1.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 3 ¶¶ 9-10.

into immigration custody by Immigration and Customs Enforcement ("ICE") under § 1225(b)(2).[3]

On January 30, 2026, Petitioner filed a Petition for Habeas Corpus.[4]  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) the Fourth Amendment, and (3) substantive and procedural due process.[5]

On February 4, 2026, the Respondents filed a motion for summary judgment opposing Petitioner's claims.[6]  Petitioner filed a reply on February 14, 2026.[7]

## II. Analysis

Respondents argue that Petitioner's Petition for Habeas Corpus must be denied because his detention is legal under § 1225(b)(2).[8] Neither party disputes that the court has jurisdiction over Petitioner's Petition for Habeas Corpus.

---

[3]Id. at ¶ 12.

[4]Id. at 1.

[5]Id. at 4-6.

[6]Respondents' MSJ, Docket Entry No. 6.

[7]Petitioner's Reply in Support of Petition for Writ of Habeas Corpus and Opposition to Government's Motion for Summary Judgment, Docket Entry No. 7.

[8]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

**A.   Petitioner can be legally detained under § 1225(b)(2).**

As the Fifth Circuit explained in <u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  <u>Id.</u> at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's Fourth Amendment claim fails because it depends on the rejected statutory interpretation of § 1225 and § 1226.[9] <u>Resendiz v. Noem</u>, Civil Action Number 4:25-cv-05940, 2026 WL 445497, at *2 (S.D. Tex. Feb. 17, 2026).

**B.   Petitioner's detention does not violate due process.**

Citing <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491 (2001), Petitioner argues that his detention without a bond hearing to determine whether he is a flight risk or danger to the community violates substantive due process.[10]  As explained in <u>Garcia De La Cruz v. Bondi</u>, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim</u>, 123 S. Ct. 1708, 1721-22 (2003)).

Petitioner also argues that his detention without a bond hearing to determine whether he is a flight risk or danger to the

---

[9]Petition for Habeas Corpus, Docket Entry No. 1, p. 4 ¶¶ 20-23.

[10]<u>Id.</u> at 5-6 ¶¶ 32-34.

community violates procedural due process.[11]     However, "as an applicant for admission," Petitioner has "'only those rights regarding admission that Congress has provided by statute.'" Singh v. Noem, No. 1:26-CV-036-H, 2026 WL 306395, at *9 (N.D. Tex. Feb. 3, 2026) (quoting Department of Homeland Security v. Thuraissigiam, 140 S. Ct. 1959, 1983 (2020)).     Because § 1225(b)(2) does not say "'anything whatsoever about bond hearings'" and because it "'mandate[s] detention of applicants for admission until certain proceedings have concluded,'" Petitioner is not entitled to a bond hearing as a matter of procedural due process.     Id. (quoting Jennings v. Rodriguez, 138 S. Ct. 830, 842 (2018)).

### III. Conclusion and Order

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.     The court will enter a final judgment in favor of Respondents.

---

[11]Id.

**SIGNED** at Houston, Texas, on this 18th day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE